IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. HUGHES, | No. CIV S-10-0144-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER TO SHOW CAUSE</u> |
| CALIFORNIA SUPREME COURT, et al., | |
| Respondents. | |
| _____ / | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of mandamus.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

      Petitioner is a state prisoner currently being housed at California State Prison, Corcoran, which is located in Kings County.  Cases arising in Kings County are generally assigned to the Fresno Division of the United States District Court for the Eastern District of California.  <u>See</u> Local Rule 120(d).  However, Petitioner is raising an issue relating to the California Supreme Court, which sits in the City and County of San Francisco.  Actions arising in San Francisco are properly brought in the United States District Court for the Northern District of California.  As proper jurisdiction is questionable in this case, and due to the action requested,

a writ of mandamus, the undersigned finds it best to address the request as filed.

Petitioner has filed this action requesting this court issue a writ of mandamus directing the California Supreme Court accept for filing his request for appointment of habeas counsel and the memorandum of points and authorities in support thereof, which he attempted to file on December 3, 2009, and again on December 21, 2009.

Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions . . . ."  In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty . . . ." 28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies.  See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).  Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act.  See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

Here, Petitioner is not requesting an action of any officer or employee of the United States or an agency thereof.  Instead, Petitioner is requesting the court to compel a state court to accept his filings.  This court has no jurisdiction to do so under 28 U.S.C. § 1361. Accordingly, Petitioner will be required to show cause why this action should not be dismissed for lack of jurisdiction.

In addition, the undersigned notes that Petitioner has not paid the filing fee for this action, nor has he submitted an application to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a), 1915(a).  However, as the undersigned finds this case is properly dismissed, the failure of Petitioner to resolve fees is inconsequential.  In the event Petitioner responds to the order to show cause, and attempts to proceed in this action, he will be required to resolve the fee

status. As such, Petitioner will be provided an application for leave to proceed in forma pauperis. If Petitioner files a response to this order to show cause, he must also submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee.

Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for lack of jurisdiction;

2. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, or pay the appropriate filing fee; and

3. The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner.

DATED: April 23, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE